UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL TACINELLI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 06CV1758 (WWE) |
| | : | |
| | : | |
| TOWN OF PLAINVILLE, | : | |
| RAYMOND SWANSON, | : | |
| ROBERT LEE, | : | |
| CITY OF HARTFORD POLICE | : | |
| DEPARTMENT, | : | |
| SETH CONDON, | : | |
| Defendants. | : | |

## MEMORANDUM OF DECISION ON
## MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE

In his complaint, plaintiff Michael Tacinelli asserts that defendant Town of Plainville, Fire Chief Raymond Swanson, Town Manager Robert Lee, Hartford Police Officer Seth Condon and the Hartford Police Department violated his constitutional rights to equal protection and due process of law. Plaintiff also asserts state law claims of wrongful termination against the Town of Plainville, defamation against all defendants, tortious interference against Condon, violation of the state statute prohibiting an employer's consideration of an erased criminal record against the Town of Plainville, and violation of the state erasure statutes against all defendants. Defendants have filed motions for summary judgment.

## BACKGROUND

The parties have submitted statements of facts with accompanying exhibits and affidavits, which reveal the following undisputed facts.

Plaintiff is an individual whose appointment as a probationary volunteer firefighter was rescinded by the Plainville Town Council based on his arrest record.

In 2002, when plaintiff was 16 years old, he was arrested and charged with criminally negligent homicide. He was granted youthful offender status.

Plaintiff submitted his application to the Plainville Fire Company ("PFC") on October 11, 2005. Applicants for membership in the PFC are interviewed, screened and accepted by the PFC. After acceptance, a member is presented to the Town Council, which in accordance with the Town Charter, has exclusive authority to appoint a candidate as a probationary firefighter. Both the PFC by-laws and the Town Division of Fire Ordinance, Rules and Regulations require that persons eligible for membership be of good moral character. All applicants for membership in the PFC are subjected to a criminal background check.

In response to a question on the PFC membership application, plaintiff answered "yes" to the question whether he had ever been arrested or convicted.

On October 12, 2005, plaintiff was arrested by the Plainville Police Department and charged with risk of injury to a minor, sexual assault, possession of alcohol by a minor, and delivery of alcohol to a minor.

On April 17, 2006, plaintiff was presented to and accepted as a probationary firefighter by the Plainville Town Council.

In late June or early July 2006, the PFC discovered that it had not completed background checks on five applicants, including plaintiff. Plaintiff's criminal history was then provided to the Plainville Police Department. It revealed that plaintiff had been convicted on January 18, 2006 of illegal delivery of alcohol to a minor.

On August 14, 2006, Hartford Police Officer Condon arrested plaintiff for criminal trespass and conspiracy to possess narcotics. During a search of plaintiff's vehicle incident to this arrest, Condon found firefighting gear and an identification badge from the Plainville Fire Department. That evening, Officer Condon informed Chief Swanson of plaintiff's arrest.

On September 30, 2006, after a full background investigation, plaintiff was suspended from PFC activities. On October 2, 2006, plaintiff requested that the Town Council investigate his suspension.

At the request of the Town Council, Town Manager Lee, Chief Swanson and other PFC officers investigated and confirmed plaintiff's background. The Town Council, pursuant to its authority, decided that plaintiff's appointment should be reviewed and possibly rescinded.

At its Town Meeting on October 16, 2006, the Town Council, after public comment, voted to rescind plaintiff's appointment as a probationary firefighter.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment

3

proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Equal Protection

Defendants argue that they are entitled to summary judgment on plaintiff's "class of one" equal protection claim. This Court agrees.

The equal protection clause extends to individuals with no specific class membership but who have been intentionally treated differently from others similarly situated without a rational basis for that treatment. Harlen Assoc. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).[1] The United States Supreme Court has established that one may assert an equal protection claim as a class of one where the plaintiff alleges that he has been intentionally treated differently from other similarly

---

[1] The United States Supreme Court has recently held that a class-of-one equal protection claim is not cognizable in the context of public employment. Engquist v. Oregon Dept. of Agric., 2008 WL 2329768 (U.S.). The Court assumes for purposes of this ruling that plaintiff is not a public employee.

4

situated individuals and that there is no rational basis for the difference in treatment. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff must present evidence that he was treated differently than others "similarly situated." Neilson v. D'Angelis, 409 F.3d 100 (2d Cir. 2005). To be "similarly situated," the individuals with whom plaintiff attempts to compare himself must be similarly situated in "all material respects" and have "engaged in comparable conduct." Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997). The test of similarity in a "class of one" case is a showing that: "i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." Neilson, 409 F.3d at 105-106.

Plaintiff proffers no admissible evidence relevant to individuals who may be considered "similarly situated" comparators. Thus, plaintiff raises no inference of fact that he was treated differently from other similarly situated individuals. Summary judgment is appropriate on the equal protection claim.

Due Process

Defendants assert that plaintiff cannot establish a property interest required to establish a Fourteenth Amendment due process violation. Plaintiff's opposition does not counter defendants' position. "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Taylor v. City of New York, 269

5

F.Supp. 2d 68, 75 (E.D.N.Y. 2003). Accordingly, the Court deems this claim abandoned and will grant summary judgment thereupon.

### State Law Claims

Plaintiff's remaining claims are premised on state law. Having dismissed all of the federal claims, the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

### Motions to Strike

Defendants have moved to strike portions of plaintiff's statements of fact and affidavit that are noncompliant with the Federal Rules of Civil Procedure and the relevant Local Rules. The Court has considered all of the statements of fact and averments in light of the evidentiary record as a whole in determining the existence of factual disputes. In light of the grant of summary judgment in defendants' favor, the Court will find that these motions to strike are moot.

## CONCLUSION

For the foregoing reasons, the defendants' motions for summary judgment [#23 and 27] are GRANTED.

The motions to strike [#32 and 35] are MOOT.

The Court declines to exercise supplemental jurisdiction over the state law claims. The clerk is instructed to close this case.

Dated this _16th__ day of June, 2008 in Bridgeport, Connecticut.

```
            /s/
_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE
```